ANGELO SCHIFANO, AN INFANT, BY HIS NEXT FRIEND, ETC., ET AL., PLAINTIFFS-APPELLANTS, v. LEONARD KAISER, DEFENDANT-RESPONDENT, HARRY KAISER ET AL., DEFENDANTS.

WILLIAM DACHILLE, AN INFANT, BY HIS NEXT FRIEND, ETC., ET AL., PLAINTIFFS-APPELLANTS, v. LEONARD KAISER, DEFENDANT-RESPONDENT, HARRY KAISER ET AL., DEFENDANTS.

JOHN SESTA, AN INFANT, BY HIS NEXT FRIEND, ETC., ET AL., PLAINTIFFS-APPELLANTS, v. LEONARD KAISER, DEFENDANT-RESPONDENT, HARRY KAISER ET AL., DEFENDANTS.

Argued October 3, 1944—Decided February 16, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the plaintiffs-appellants, *Charles A. Rooney, Gustave A. Peduto, Carey & Lane, David A. Pindar, Herman W. Klausner* and *Peter P. Artaserse.*

For the defendant-respondent, *John R. Kelly.*

The opinion of the court was delivered by

DONGES, J. These appeals are from judgments for the defendant in three cases tried together in the Hudson County

Court of Common Pleas. They are submitted together and, inasmuch as the alleged error is directed to the charge of the court, are argued in the briefs as one case.

It appears that on April 24th, 1941, the three infant plaintiffs, Angelo Schifano, William Dachille and John Sesta, were walking along the southerly sidewalk of Claremont Avenue, in Jersey City, in a westerly direction, and were struck by an automobile, which was traveling eastwardly on Claremont Avenue and mounted the curb east of Arlington Avenue, after collision with a car going south on Arlington Avenue. The undisputed testimony was that the car owned by Harry Kaiser was being driven by the defendant-respondent, Leonard Kaiser, and was proceeding southerly along Arlington Avenue, and the other car was owned by John Smith and was being driven by Stanley Gorys in an easterly direction on Claremont Avenue. The owners and drivers of both cars were made defendants, but, at the trial, suit was discontinued as to all defendants except Leonard Kaiser. The jury returned a verdict for Leonard Kaiser.

The real question of fact was as to the alleged negligence of Gorys in going through a red light and proceeding at a high rate of speed and negligently contacting the car driven by Kaiser, or the alleged negligence of Kaiser in going through a red light and negligently proceeding into Claremont Avenue and contacting the car driven by Gorys. There was a conflict of testimony on this important question of fact, but the jury decided in favor of the defendant Kaiser.

The only points argued on this appeal relate to the charge of the court.

It is first urged that it was error for the trial judge to refuse to charge as requested by plaintiffs-appellants:

"3. If you find that the defendant, Leonard Kaiser, violated any of the foregoing provisions of our Traffic Act, you may consider such violations as evidence of negligence on his part."

And because the trial court charged:

"That if you find that the defendant Gorys violated this section of the Traffic Act of our state, such violation may be considered by you in determining the question of negligence on his part."

The court had charged, as requested, very fully, the provisions of the Traffic Act with respect to the care and prudence to be exercised, the rates of speed to be observed, and the observance of signals by drivers of automobiles. To charge that violation of any of the provisions of these statutes may be considered by the jury "as evidence of negligence on his part," would have the effect of convicting Kaiser of negligence and misleading the jury into believing that Kaiser was guilty of negligence and could be made to pay, although such negligence did not bring about the collision and consequent damage to the infant plaintiffs. Only such negligence as, in some degree, however slight, contributed to and helped to produce the collision could properly be charged against Kaiser in this case. The court did charge:

"I wish, however, to admonish you that the mere violation of the Traffic Act does not of itself constitute negligence, but it may be considered by you together with all the other facts in the case in determining this question of negligence."

This was a sufficient and accurate statement of the law applicable to the situation.

Nor was there any error in the charge that if the jury found that Gorys violated the Traffic Act, they might consider such violation in determining the question of negligence on his part. The issue was clearly drawn as to whether Kaiser or Gorys was the person guilty of negligence that produced the accident. Gorys was no longer a party defendant, nor was he called as a witness, but his conduct in the operation of his car was clearly in issue, and it would have been error to refuse to charge, as requested by the defendant, that if the collision was produced by the negligence of Gorys alone there could be no verdict against Kaiser.

It is next argued that it was error to refuse to charge as follows:

"6. If you find from the evidence that the defendant, Leonard Kaiser, was guilty of negligence even in the slightest degree, which proximately caused the accident and the injuries sustained by the infant plaintiffs, then the plaintiffs are entitled to recover even though Stanley Gorys, the operator of the other car, was more negligent than the defendant, Leonard Kaiser."

A careful reading of the charge will clearly reveal that the trial judge carefully reviewed the situation and charged the jury upon all essential points. The charge sufficiently covered the essentials of the above request, when the court said:

"If; on the other hand, you are persuaded by a fair preponderance of the evidence that the defendant, Leonard Kaiser, was guilty of negligence and that his negligence was the proximate cause of the accident and the injuries to these plaintiffs then you must find a verdict for the plaintiffs and against the defendant, Leonard Kaiser. If you find that Leonard Kaiser and some other of the defendants were jointly negligent and that such joint negligence proximately resulted in injuries to the plaintiffs, you must still find a verdict against the defendant, Leonard Kaiser."

A trial judge is not obliged to adopt the language of a request to charge. The test is as to whether essential instructions are given. We conclude that they were in the instant case.

It is urged that the trial judge erred in instructing the jury as follows:

"You must understand that you don't have to find for all plaintiffs in each case, or that you must find for the defendant in each case. You have a right, of course, according to your understanding of the testimony, to find for the plaintiffs in any one case and against the defendant, and to find for the defendant against all of these plaintiffs in any one case. That, of course, is for your determination."

Contributory negligence was raised as a defense and the court charged thereon, to which no exception was taken. It is rather difficult to perceive how any prejudice can be said to result to plaintiffs, because if any plaintiff was guilty of contributory negligence, it would not necessarily apply to other plaintiffs. The court, in effect, said that each case was to be determined on its merits. Since all verdicts were identical, it is unlikely any different verdict would have been reached if the trial judge had omitted any mention of separate verdicts.

The judgments are affirmed, with costs.